# Richmond

## James R. Bullock v. Commonwealth of Virginia.

October 12, 1964.

Record No. 5876.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, l'Anson and Carrico, JJ.

*Herbert S. Reid, Jr.* and *Calvin H. Childress*, for the plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

EGGLESTON, C. J., delivered the opinion of the court.

James R. Bullock was charged in a two-count indictment with forging the names of Daniel Bigelli and Frances Bigelli as makers of a promissory note in the sum of $1,596, dated January 30, 1962 and payable to the order of Seaboard Citizens National Bank of Norfolk, and with uttering and attempting to employ the note, knowing that the purported signatures of the makers thereto were forgeries. (Code, § 18.1-96, as amended.) He was found guilty by a jury on both counts and his punishment fixed at confinement in jail for twelve months on each count. To review the judgment entered on that verdict we granted the defendant a writ of error.

In the assignments of error for which proper foundation was laid in the court below, the defendant contends that the lower court erred in (1) refusing to strike the Commonwealth's evidence because of the variation between the allegations in the indictment and proof offered in support thereof; (2) admitting evidence of similar offenses committed by him; (3) granting Instruction C-2 at the request of the Commonwealth; and (4) refusing to strike the evidence of the Commonwealth and set aside the verdict because of its insufficiency to sustain a conviction.

The facts are undisputed. In January, 1962, and for some time prior thereto, the defendant was an automobile dealer engaged in the sale of used automobiles in the city of Norfolk. He operated through the Heath Auto Sales, Incorporated, of which he was the president and owner. For some time he had dealt with the Berkley branch of the Seaboard Citizens National Bank of Norfolk. On January 30, 1962, the Heath Auto Sales, Incorporated, presented to an officer of the bank a promissory note purported to be signed in blank by Daniel Bigelli and Frances Bigelli as its makers. The bank's official could not recall whether the note was brought to the bank by the defendant or some employee of his company. At the time, the officer of the bank was told by the person who presented the note to fill in the date as January 30, 1962, the principal amount at $1,596,

and make it payable to the bank in installments of $66.50 on the first day of each consecutive month.

At the same time there was presented to the officer of the bank a deed of trust purported to be signed in blank by the Bigellis. In like manner, the officer of the bank was directed by the person who had presented the note to fill in the date of the deed of trust as January 30, 1962, to insert a description of the automobile thereby conveyed, and recite that the deed of trust was given to secure the payment of the note described above.

In both of these instruments the address of the Bigellis was given as "1107 Wilson Road, Norf. 23."

After the note and deed of trust had thus been completed, the note was discounted by the bank and the proceeds placed to the credit of Heath Auto Sales, Incorporated.

Both Daniel and Frances Bigelli testified that their purported signatures to the note and deed of trust were forgeries; that the use of their names was unauthorized by them; that they had not purchased from Heath Auto Sales the automobile described in the deed of trust; that they did not live at the address given on the note and deed of trust; and that they had never received from the bank any notice of their purported indebtedness to it.

When the forgeries were discovered the defendant was questioned by E. W. White, a detective of the Norfolk Police Department. White testified that the defendant admitted that the names of the Bigellis to both the note and the deed of trust were forgeries; that he himself had negotiated the note and deed of trust at the bank, knowing at the time that they had not been signed by the Bigellis; that they had not purchased any car from his company; "that the papers were phony;" and that he received the proceeds of the note. While the defendant refused to divulge who had actually signed the Bigellis names to the note and deed of trust, he said that he "would take the blame for all of this" and "didn't want to involve anyone else in it." This confession of the defendant was admitted without objection.

As to the alleged variance between the allegations and proof, the defendant argues that while the indictment described in detail the note which it was alleged that he had forged and uttered, the evidence shows that the instrument when presented to the bank was signed in blank. Hence, he says, the evidence fails to show either that the defendant forged or uttered the particular note described in the indictment.

There is no merit in this contention. "Forgery is the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability. Blackstone defines it as 'the fraudulent making or alteration of a writing to the prejudice of another man's right.'" 8 Mich. Jur., Forgery, § 2, p. 559.

Obviously, signing the names of the Bigellis to this note and thereafter completing the instrument constituted a forgery within this definition. The defendant's confession to Detective White warranted the jury in finding that these blanks were filled in the note at the defendant's direction.

There was no variance as to the uttering of the forged instrument because the evidence shows that it was negotiated with, and accepted by, the bank after it had been completed.

■ The defendant assigns error to the admission of evidence of similar offenses committed by him. Over his objection, the Commonwealth introduced evidence showing that about the time of this transaction Heath Auto Sales, Incorporated, had discounted at the same branch of the same bank, and in the same manner, five other forged notes. Each of these notes bore the names of makers which were shown to be forgeries, and in addition thereto, bore the signature of the defendant as a comaker. Such evidence was clearly admissible as tending to show a general scheme or guilty knowledge and fraudulent intent on the part of the defendant. *Sloan* v. *Commonwealth*, 199 Va. 877, 881, 102 S. E. 2d 278, 281; *Hubbard* v. *Commonwealth*, 201 Va. 61, 67, 109 S. E. 2d 100, 105, and authorities there cited.

■ Over the objection of the defendant, the lower court granted Instruction C-2 which reads as follows: "The court instructs the jury that where one is in possession of a forged instrument, and endeavors to obtain money thereon, this raises a presumption that such person forged the same, and unless such possession or forgery is satisfactorily explained, the presumption becomes conclusive."

The Attorney General contends that this instruction is supported by *Denis* v. *Commonwealth*, 144 Va. 559, 131 S. E. 131, and by the weight of authority. We do not agree. In the *Denis* case it was held that the trial court did not err in refusing to instruct the jury that the fact that a forged certificate of deposit was found in the possession of the defendant and "that he uttered or used the same, raises no

presumption of law in itself that he forged the same." 144 Va., at pages 590, 592.

In justifying the refusal of that instruction the opinion refers to a number of cases from other jurisdictions, holding that where one is found in the possession of a forged instrument and endeavors to obtain money on it, he is presumed to be the forger. But the *Denis* case did not involve the precise question presented in the present case. It was rather the converse of that now before us. Consequently we do not regard that decision as authority for the granting of Instruction C-2 here complained of.

Moreover, the opinion in that case makes no reference to *Spencer* v. *Commonwealth*, 2 Leigh (29 Va.) 751, in which it was held that the unexplained possession of forged bank notes on which the possessor sought to obtain money was "prima facie evidence" or "a high degree of presumptive proof" that the possessor was the forger. However, we said that such presumption would not bind the jury "with the force of conclusive proof." In all such cases "the jury are to weigh the circumstances, and to draw from them whatever inferences they may warrant." 29 Va., at page 756.

The holding in the *Spencer* case was approved in *Perkins* v. *Commonwealth*, 7 Gratt. (48 Va.) 651, 656; *Wash* v. *Commonwealth*, 16 Gratt. (57 Va.) 530, 541. It has also been cited with approval in a number of other jurisdictions.

The authorities in other jurisdictions are not in accord as to the effect of the unexplained possession of a forged instrument by one who utters or attempts to utter it as genuine. As is pointed out in 23 Am. Jur., 1964 Cum. Supp., Forgery, § 57, p. 44, "Some authorities state that in these circumstances it may be presumed that the defendant did the forging or participated in it. Other cases state that these circumstances are prima facie or presumptive proof connecting the defendant with the forging of the instrument. Some authorities, however, have rejected or questioned the validity of a presumption of this kind in criminal cases. And situations considered to be distinguishable and not to furnish a basis for a presumption or inference as to participation in the forgery have been pointed to in some cases. The ultimate general import of the cases appears to be that the defendant's unexplained possession of and dealing with the forged insturment as genuine does not necessarily compel, but will suffice to support, a finding by the jury that he was the forger of such instrument, unless there are in the case other circumstances which repel that conclusion."

For a collection of cases on the subject see Annotation: 164 A .L. R. 621. See also, Wharton's Criminal Evidence, 12th Ed., Vol. 1, § 137, pp. 259-261; 37 C. J. S., Forgery, § 80-b, p. 91.

There are cases which hold, as the Attorney General contends, that the unexplained possession of a forged instrument by one who utters or attempts to utter it raises a conclusive presumption that the possessor forged it. See *McGhee* v. *State*, 183 Tenn. 20, 189 S. W. 2d 826, 164 A. L. R. 617; *Smith* v. *Commonwealth* (Ky.), 307 S. W. 2d 201. However, this is undoubtedly the minority view. As is said in the annotation in 164 A. L. R., page 631, "Taking into consideration the presumption of innocence, and the rule that in criminal cases the burden is on the prosecution to establish the guilt of the defendant beyond a reasonable doubt, the better view would seem to be that, even though the circumstances shown are such as to raise the presumption that the defendant was the forger, that presumption is not conclusive and does not compel a finding that he did the forging, but will warrant the submission of that issue to the jury and will sustain a finding that the defendant did the forging."

Adhering to our holding in *Spencer* v. *Commonwealth, supra,* we find that the granting of Instruction C-2 in the present case was reversible error. Aside from the improper direction that the "presumption becomes conclusive," the instruction placed upon the defendant the burden of explaining the "possession or forgery" of the instrument. While the defendant, if innocent, might have satisfactorily explained his *possession* of the instrument, it is difficult to see how he could have explained the *forgery*.

The instruction should have told the jury that the unexplained possession of a forged instrument by one who endeavors to obtain money thereon is prima facie evidence that such person forged the instrument, but that such prima facie evidence may be rebutted by an explanation satisfactory to the jury as to how he came into possession of the instrument.

We find no error in the refusal of the lower court to strike the evidence of the Commonwealth. Based upon proper instructions to the jury, the related facts and circumstances were quite sufficient to support a finding that the defendant was guilty as charged in both counts of the indictment.

For the error in granting Instruction C-2, the judgment is reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*