## Richmond

DANIEL E. MOORE v. COMMONWEALTH OF VIRGINIA.

DANIEL E. MOORE v. COMMONWEALTH OF VIRGINIA.

DANIEL E. MOORE v. COMMONWEALTH OF VIRGINIA.

March 6, 1967.

Record Nos. 6369, 6370, 6371.

Present, All the Justices.

*John A. Gurkin, Jr.,* for the plaintiff in error.

*James A. Eichner, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

EGGLESTON, C. J., delivered the opinion of the court.

At the May, 1965 term of the court below the grand jury presented three indictments against "Daniel E. Moore, alias Joseph E. Moore," each charging him with the forgery, with intent to defraud, of the name of "Joseph E. Moore" as the "maker" of a check in the sum of $20, payable to the order of cash and drawn on the Bank of Virginia Beach. In other separate counts in each indictment he was charged with uttering the forged checks and with larceny of the amount of each.

Shortly after the indictments were presented John A. Gurkin, Jr., a member of the Norfolk bar, was appointed to represent the defendant. A plea of not guilty to each indictment was entered, a jury was waived, and by agreement the three cases were tried together by the lower court. After hearing the evidence the court entered an order finding the defendant "guilty of Forgery and Uttering as charged in each of the said three indictments." Later, upon consideration of a probation report, it entered a judgment fixing the defendant's punishment "at confinement in the penitentiary for the term of Two Years on each of the said three indictments," subject to a credit of twenty-six days spent in jail awaiting trial. Gurkin was appointed counsel to prosecute a writ of error to this judgment.

In his assignments of error the defendant challenges the sufficiency of the evidence to sustain the judgment.

The evidence which is undisputed may be summarized thus: On December 5, 1963, on the petition of the defendant, an order was entered in the Corporation Court of the city of Norfolk changing his name from "Joseph Edward Moore" to "Daniel Emett Moore." The defendant testified that after the change in his name had been authorized he continued to work and file his state and federal income tax returns under both names.[1]

---

(1) A withholding tax statement showing the amount of federal taxes withheld by his employer for the year 1964 gives his name as Joseph E. Moore.

On February 5, 1965 the defendant presented to a grocery store in the city of Norfolk a check in the sum of $20, payable to the order of cash, drawn on the Bank of Virginia Beach and signed "Joseph E. Moore." This check was approved for payment by the manager of the store who testified that he was not acquainted with the defendant. In return for the check the defendant received groceries and cash from the store. The check was returned by the bank with the notation "No Account."

On February 6 the defendant presented to another grocery store in the city of Norfolk a check in the same amount, payable to the order of cash, drawn on the same bank and signed "Joseph E. Moore." This check was approved for payment by the manager of the store and in return therefor the defendant received merchandise and cash from the store. The manager testified that he was not acquainted with the defendant. This check was likewise returned by the bank with the notation "No Account."

On February 10 the defendant presented to a third grocery store in the city of Norfolk a check in the same amount, payable in the same manner, drawn on the same bank, and likewise signed "Joseph E. Moore." Upon approval of the check by the manager, who did not know the defendant personally, the defendant received groceries and cash from the store. This check was also returned by the bank marked "No Account."

The checks dated February 5 and 10, respectively, gave the defendant's address as 6500 Clemson Avenue. On the other check dated February 6, he listed his address as 8037 Diggs Road. He testified that he and his wife had lived at both addresses.

The defendant admitted that at the time he signed and presented these checks he did not have an account with the bank on which they were drawn. However, he said, prior thereto he had "attempted" to open an account there with the understanding that his wife would mail to the bank his paycheck. This was not done.

Detective E. W. White of the Norfolk Police Department testified that subsequent to the time the defendant's name had been changed on December 5, 1963, the department had received numerous complaints against "Daniel E. Moore" involving "bad check" charges.

In his petition filed in the Corporation Court asking for a change of his name, the defendant stated that he had "experienced a great deal of confusion by reason of the similarity of his given name and surname

with the given names and surnames of divers other persons; that in order to prevent confusion and difficulty in the transaction of his business and affairs," he desired to change his name from "Joseph Edward Moore to Daniel Emett Moore." However, he admitted at the trial that the desired change was for the added reason that he was "under a lot of pressure" by the Police Department and was being continually harrassed by Detective White on "bad check" charges.

The defendant attacks the sufficiency of the evidence to sustain the conviction of forgery because, he says, it "does not show that he had any intent to deceive as to the identity of the person signing each of the three checks;" that he presented the checks as having been signed by himself in his former name without intent to defraud and without any representation that they were made by another. Consequently, he says, while he might have been convicted of obtaining money under false pretenses, or petit larceny, his conviction of forgery should not stand. We do not agree with this contention.

In this State there is no statutory definition of forgery. In *Bullock* v. *Commonwealth*, 205 Va. 558, 561, 138 S. E. 2d 261, 263, we said: " 'Forgery is the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.' " See also, *Hanbury* v. *Commonwealth*, 203 Va. 182, 187, 122 S. E. 2d 911, 914, 915; 8 Mich. Jur., Forgery, § 2, p. 559.

This widely accepted definition is commonly referred to by judicial and text writers as the broad definition of forgery, as distinguished from the narrow definition. The latter defines the crime as the making or altering of a document with intent to defraud or prejudice another so as to make it appear to be the document made by another. See *State* v. *Lutes*, 38 Wash. 2d 475, 230 P. 2d 786, 788, 789; Annotation: 49 A. L. R. 2d 861-865.

As was pointed out in *State* v. *Lutes, supra*, the broad definition is sufficient "to cover the situation where a party falsely makes a writing, using not the name of *another actual person*, but either, (a) an assumed name, assumed for a dishonest purpose, or, (b) a fictitious name." 230 P. 2d at 789.

In that case it was further said that while a person may adopt any name he may choose so long as it was done for an honest purpose, under the broad definition of forgery the crime is committed by signing an assumed name, or a fictitious name, for a dishonest purpose and with intent to defraud. 230 P. 2d at 789. See also, Wharton's

Criminal Law (Anderson 1957), § 690, p. 405; 23 Am. Jur., Forgery, § 12, p. 681; Annotation: 49 A. L. R. 2d 852, 856.

We think the evidence in the present case is sufficient to sustain a conviction of the defendant of forgery within the definition of that offense which has been adopted in this State. *Bullock* v. *Commonwealth, supra,* 205 Va. 558, 138 S. E. 2d 261. It warranted the finding that the defendant in signing these checks used his former name of Joseph E. Moore with fraudulent intent to conceal his identity as the person who had been giving bad checks under the name of Daniel E. Moore. Because of numerous complaints and police pressure made against him as Daniel E. Moore, he wrote and signed each of the checks under the name of Joseph E. Moore. Admittedly, these checks were drawn on a bank in which he knew he had no account and no funds to his credit.

Clearly, the acts of the defendant in putting into circulation the checks which he knew were forged constituted an uttering of these instruments within the prohibition of Code, § 18.1-96 [Repl. Vol. 1960]. *Bateman* v. *Commonwealth,* 205 Va. 595, 599, 600, 139 S. E. 2d 102, 105, 106.

As has been said, the lower court found the defendant guilty of forgery and uttering as charged in the three indictments, and entered a judgment fixing his punishment "at confinement in the penitentiary for the term of Two Years on each of the said three indictments," subject to a credit for time spent in jail awaiting trial.

The defendant contends that this judgment is "void for indefiniteness." He argues that since under the statute (Code, § 18.1-96) forgery and uttering are separate offenses (*Bateman* v. *Commonwealth, supra*), each carrying a penalty of confinement in the penitentiary for "not less than two years," a conviction of both offenses as charged in each indictment required a confinement for a minimum term of four years, and not two years as fixed by the lower court, under each indictment.

It was the duty of the lower court, after having found the defendant guilty as charged under each count of the three indictments, to impose a sentence upon him in accordance with the terms of the statute. We need not stop to inquire whether the case should be remanded for the purpose of imposing a sentence in substitution for what the defendant contends is a void sentence. We could, if necessary, do so. *Powell* v. *Commonwealth,* 182 Va. 327, 28 S. E. 2d 687; *Crutchfield* v. *Commonwealth,* 187 Va. 291, 46 S. E. 2d 340. We think the judg-

ment may and should be interpreted to conform to the statutory requirements. In fixing the term of confinement for a total of two years for conviction of the two offenses charged in each indictment, the lower court has in effect said that the defendant should serve a term of two years on Count No. 1, charging forgery, and a term of two years on Count No. 2, charging uttering, and that such sentences shall run concurrently.

This interpretation disposes of the defendant's further contention that the judgment is defective in that it fails to specify the terms which he must serve for conviction of the respective offenses of forgery and uttering, charged in each indictment.

On the whole we find no reversible error in the proceedings and the judgment is

*Affirmed.*