23 F.3d 399
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Kenneth Steven CAMERON, Plaintiff-Appellee,
v.
T.S. PAYNE, Officer; Glynna Smith, Investigator,
Defendants-Appellants.
 No. 93-6528.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 20, 1994.
Decided April 25, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, Magistrate Judge. (CA-92-196).
 Ann Gouldin, County Atty's Office, Fairfax, VA, for appellants.
 Kenneth Steven Cameron, Appellee pro se.
 E.D.Va.
 REVERSED AND REMANDED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 T.S. Payne and Glynn A. Smith appeal from the magistrate judge's order[1] denying their motion for summary judgment. Because we find that they were entitled to qualified immunity, we reverse the decision of the magistrate judge and remand with instructions to enter judgment for the Defendants.
 
 
 2
 Kenneth Steven Cameron filed a complaint against Officer Payne and Investigator Smith pursuant to 42 U.S.C. Sec. 1983 (1988), alleging they lacked probable cause to arrest him for forgery, uttering, and false pretenses.[2] At the preliminary hearing, the state court dismissed the charges against Cameron but the record on appeal does not reveal the reason for the dismissals. Cameron also alleged that the Defendants conducted a warrantless search of his rented van on September 15, 1991, that a search warrant was issued on September 16, 1991, without probable cause, and that his belongings were confiscated.
 
 
 3
 In their answer, Defendants stated that the van was searched on September 16, 1991, pursuant to a valid search warrant. They admitted that Cameron's belongings were taken, but reported that the cash, merchandise, and a telephone beeper were returned to their owners or were held pending forfeiture to the United States. Defendants asserted the defense of qualified immunity.
 
 
 4
 Defendants moved for summary judgment. Officer Payne stated by affidavit that on September 14, 1991, he and another officer were called to Macy's Department Store and advised by a security officer there that on September 13th Cameron had purchased gift certificates with a stolen money order and had used the certificates to obtain merchandise and cash. The security officer had Cameron under observation and pointed him out to the officers. After observing Cameron tender an American Express money order to a clerk and verifying that the money order was stolen, Payne arrested Cameron. Cameron identified himself as William Foster.[3]
 
 
 5
 A search of Cameron revealed five stolen American Express money orders, each in the amount of $500 and date stamped "September 12, 1991," Macy's gift certificates, a wrist watch with a Saks Fifth Avenue price tag, and a room key and match books from the Days Inn. Cameron's companion, Christopher Reese, had in his possession a guest receipt from a Holiday Inn in the name of William Foster.
 
 
 6
 Payne returned to the shopping center at 1:30 a.m. on September 15, 1991, and found in the parking lot a blue, 1991 Plymouth Voyager mini-van with a New York license plate. Through the window of the van, Payne observed a Holiday Inn guest receipt bearing the name William Foster, Days Inn brochures, and shopping bags from Saks Fifth Avenue. Payne impounded the mini-van. On September 16, 1991, Payne learned that National Car Rental had leased the mini-van to William Foster.
 
 
 7
 Saks Fifth Avenue security advised the Defendants that on September 13, 1991, Cameron had used four stolen $500 money orders to purchase gift certificates, made small purchases, and received the remaining value in cash.
 
 
 8
 All of these facts were set forth in an affidavit dated September 16, 1991, and the affidavit was used to obtain a search warrant for the rented mini-van. The search warrant was executed later that day and a number of items including a date stamper and stamp pad, were seized.
 
 
 9
 After reciting these facts, the Defendants asserted that there was no dispute regarding the law or the material facts. They contended that probable cause to arrest and to search clearly existed and Cameron was not deprived of any constitutional right. Additionally, they argued that if there were a constitutional violation, they were entitled to qualified immunity.
 
 
 10
 The magistrate judge denied Defendants' motion for summary judgment, noting that the dismissal of the state charges did not "cast light on probable cause." The magistrate judge found that Defendants "do not deny having searched the van on September 15," 1991, and that therefore, a genuine issue of material fact existed. The magistrate judge did not address Defendants' affirmative defense of qualified immunity. Defendants' appeal from the denial of summary judgment is properly before us for review. Mitchell v. Forsyth, 472 U.S. 511, 526-30 (1985); Young v. Lynch, 846 F.2d 960, 961 (4th Cir.1988).
 
 I. Arrest
 
 11
 In this case, we must determine whether, at the time of the arrest, the Defendants could have reasonably believed they had probable cause to arrest Cameron for forgery, uttering and false pretenses. See Gooden v. Howard County, 954 F.2d 960, 965 (4th Cir.1992) (in banc).
 
 
 12
 At the time of the arrest, Officer Payne had been informed by the Macy's security guard that on September 13, 1991, Cameron used stolen money orders to purchase gift certificates, then used the certificates to make minor purchases, and obtained cash for the balance. On September 14, 1991, Payne observed Cameron tender a money order in payment for shoes. American Express verified by serial number that the money order tendered by Cameron had been stolen. We find that based upon this information, an officer could have reasonably believed that Cameron had forged and uttered the money orders, by either stamping the date or entering the dollar amount on the face of the money orders and then presenting them for payment. See Va.Code Ann. Sec. 18.2-172 (Michie 1992); Bullock v. Commonwealth, 138 S.E.2d 261, 263 (Va.1964) (forgery is making or materially altering, with intent to defraud, a writing, which, if genuine, may be foundation of legal liability); Bateman v. Commonwealth, 139 S.E.2d 102, 106 (Va.1964) (uttering is assertion that writing known to be forged is good and valid). Also, because the money orders were accepted in exchange for merchandise and money, Payne reasonably could have concluded that Cameron received money and property by false pretense. See Va.Code Ann. Sec. 18.2-178 (Michie 1992); Bateman, 139 S.E.2d at 106. Therefore, Payne is entitled to qualified immunity against Cameron's claim that his arrest was without probable cause. See Gooden, 954 F.2d at 965.
 
 
 13
 Because Officer Payne observed Cameron tender a stolen money order in payment for shoes, we find Cameron's claim that the arrest warrant was not verified by the sheriff to be meritless. See United States v. Watson, 423 U.S. 411, 423-24 (1976); Street v. Surdyka, 492 F.2d 368, 371-73 (4th Cir.1974) (warrantless arrest which violates state law, does not violate Fourth Amendment if supported probable cause). Assuming that the state court dismissed the charges for lack of probable cause to arrest, we find that Payne is entitled to qualified immunity because he could have reasonably believed that probable cause existed. See Sevigny v. Dicksey, 846 F.2d 953, 956 (4th Cir.1988).
 
 II. Search
 
 14
 Although the magistrate judge noted the existence of an issue of material fact because the Defendants did not deny searching the van on September 15, 1991, we find no genuine issue as to when the search of the van occurred. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 15
 In support of his claim that the search was conducted illegally, Cameron relies upon the search warrant affidavit asserting that on September 15th, Payne peered through the window of the van and perceived various items. He also relies upon the affidavit of Special Agent Kirwan of the Federal Bureau of Investigation which states that he was informed that the warrant was obtained and executed on September 15, 1991.
 
 
 16
 A police officer is entitled to immunity if a reasonably competent officer could have concluded that probable cause existed and that a search warrant should issue. See Malley v. Briggs, 475 U.S. 335, 341-45 (1986). On September 15th, Payne located the van, peered through the window, and observed items linking the van to Cameron. These actions do not constitute a search for which a warrant was required. See United States v. Dunn, 480 U.S. 294, 305 (1987); Texas v. Brown, 460 U.S. 730, 739-40 (1983) (shining flashlight to illuminate interior of car, without probable cause to search, "trenched upon no right secured ... by the Fourth Amendment").
 
 
 17
 Further, Kirwan's statement that he was informed that the van was searched pursuant to a warrant on September 15, 1991, is not sufficiently probative to raise a genuine issue of fact on whether the search violated Cameron's rights. First, Kirwan was relying upon those with first-hand knowledge of the events rather than his own observations. The record reveals that Payne assisted in the search and affirmed that the search was conducted on September 16th, pursuant to the search warrant. Second, Kirwan's affidavit asserts that the search was pursuant to a warrant and the warrant itself is part of the record and is dated September 16. Based on the evidence presented, we find no genuine issue of material fact as to when the search occurred and whether it was made pursuant to a search warrant. See Anderson, 477 U.S. at 251-52.
 
 
 18
 Moreover, the issuance of the search warrant by a neutral magistrate supports the conclusion that a reasonably competent officer could have believed that probable cause existed and that a search warrant should issue for the van. See Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir.1991). Therefore, we find that Defendants are entitled to qualified immunity from liability for their actions in obtaining and executing the search warrant.
 
 
 19
 Because we find that the Defendants were entitled to qualified immunity, we reverse the decision of the magistrate judge and remand with instructions to enter judgment for the Defendants and dismiss the case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REVERSED AND REMANDED
 
 
 [1]
 The parties consented to magistrate judge jurisdiction. 28 U.S.C.A. Sec. 636(c)(1) (West 1993)
 
 
 [2]
 On December 24, 1991, Cameron pled guilty to a conspiracy charge in a federal complaint arising out of the same circumstances
 
 
 [3]
 Federal Bureau of Investigation records identified "Foster's" fingerprints as Cameron's