COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

GARY WAYNE GREENE

MEMORANDUM OPINION[*] BY
v.  Record No. 1824-94-4                    JUDGE JAMES W. BENTON, JR.
                                            MAY 30, 1995
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Quinlan H. Hancock, Judge

        Larry C. Brown, Jr., Assistant Public Defender
        (Office of the Public Defender, on brief), for
        appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        The appellant, Gary Wayne Greene, contends that the evidence

was insufficient to convict him of forgery of a public record.

We affirm the conviction.

        A police officer stopped and arrested appellant for an

offense unrelated to this appeal.  Appellant had in his

possession a driver's license that identified him as "Mark S.

Smith."  When a police officer processed and fingerprinted

appellant at the police station, appellant signed the fingerprint

card as "Mark Smith."

        Another investigator telephoned and spoke to an individual

at the residence listed on appellant's driver's license.  Because

of information the investigator received, the appellant was

reprinted.  Appellant signed the new fingerprint card as "Gary

---
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Greene."

A fingerprint expert testified that the fingerprints on the card bearing the name "Mark Smith" were identical to the fingerprints on the card signed "Gary Greene." The expert also testified that the fingerprints on the two cards were identical to another card already on file and bearing the signature "Gary Greene."

By statute, in Virginia, it is a felony for "any person [to] forge a public record." Code § 18.2-168. "The fingerprint card . . . is clearly a public record." Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 65 (1993).

"'Forgery is the false making or materially altering with intend to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964) (citation omitted). Under this broad definition, the crime of forgery "is committed by signing an assumed name, or a fictitious name, for a dishonest purpose and with intent to defraud." Moore v. Commonwealth, 207 Va. 838, 841, 153 S.E.2d 231, 234 (1967).

The evidence was sufficient to prove beyond a reasonable doubt that one of the two names was either an assumed name or a fictitious name. Appellant signed the name "Mark Smith" on a fingerprint card when he was first arrested, and several hours later while he was still in custody, he signed the name "Gary

Greene" on another fingerprint card.  Appellant does not dispute these facts.

From the evidence, the jury also could have found beyond a reasonable doubt that appellant signed the card using an assumed or fictitious name with fraudulent intent to conceal his identity.  The evidence supports this finding because it proved that when appellant signed the name "Mark Smith" he was certainly aware that fingerprint cards on file identified him as Gary Greene.  Furthermore, on the same day that he signed the name "Mark Smith," he signed the name "Gary Greene."  One of those names was an assumed name invoked to mislead the police.  No reasonable hypothesis of innocence arises from these facts.

For these reasons, we affirm the conviction.

<u>Affirmed</u>.