COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


EARL ANTONIO HILL

v.          Record No. 1696-94-2        MEMORANDUM OPINION[*]
                                    BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                 JANUARY 30, 1996


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Robert W. Duling, Judge

           John B. Mann (Levit & Mann, on briefs), for
           appellant.

           Thomas C. Daniel, Assistant Attorney General
           (James S. Gilmore, III, Attorney General;
           Monica S. McElyea, Assistant Attorney General,
           on brief), for appellee.


     Earl Antonio Hill was convicted in a bench trial of forging

and uttering a Virginia Uniform Summons in violation of Code

§ 18.2-168.  Hill contends that the trial court erred by

overruling his motion to strike the evidence.  Because the

evidence was insufficient to prove that the name the defendant

adopted was fictitious or assumed, we reverse the defendant's

convictions and dismiss the charges.

     "Forgery is 'the false making or materially altering with

intent to defraud, of any writing which, if genuine, might

_____

     [*] Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

- 1 -

apparently be of legal efficacy, or the foundation of legal liability.'" Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)).  Uttering is "an assertion by word or action that a writing known to be forged is good and valid."  Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964).  "[W]hile a person may adopt any name he may choose so long as it was done for an honest purpose, under the broad definition of forgery the crime is committed by signing an assumed name, or a fictitious name, for a dishonest purpose and with intent to defraud."  Moore v. Commonwealth, 207 Va. 838, 841, 153 S.E.2d 231, 234 (1967).

The sole issue on appeal is whether the evidence was sufficient to prove that the defendant adopted a fictitious or assumed name.  In a bench trial, the presentation of evidence begins when the Commonwealth introduces its testimonial or documentary evidence.  Cf. Greenwalt v. Commonwealth, 224 Va. 498, 500-01, 297 S.E.2d 709, 710 (1982) (holding that jeopardy attaches "when the trial has reached the stage where the Commonwealth begins to introduce its testimony").  The only indication on the record that the defendant's real name is Earl Hill rather than Dexter Anderson is the defendant's unsworn response at arraignment to the trial court's request that he state his name.

Evidence is testimony or exhibits admitted during trial

under oath or the stipulations or avowals of counsel. Arraignment is not part of the evidentiary proceeding; rather, "[i]t shall consist of reading to the accused the charge on which he will be tried and calling on him to plead thereto." Code § 19.2-254. Therefore, the defendant's statement at arraignment was not evidence that the trial court could consider in determining whether the defendant adopted "Dexter Anderson" as a fictitious or assumed name.

The Commonwealth contends that even if the defendant's statement at arraignment was not evidence properly before the trial court, the trial judge was entitled to rely on knowledge obtained in his judicial capacity.[1] However, "the individual and extra judicial knowledge on the part of a judge will not dispense with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of supplementing the record." Darnell v. Barker, 179 Va. 86, 93, 18 S.E.2d 271, 275 (1942). Generally, courts may take judicial notice of matters that are "common knowledge," or that may be ascertained by reference to reliable sources. See Ryan v, Commonwealth, 219 Va. 439, 445-46, 247 S.E.2d 698, 703 (1978); Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989); 2 Charles E. Friend, The Law of

---

[1] The Commonwealth did not prove during the trial that the defendant had stated at arraignment that he is Earl Hill or that his real name is other than Dexter Anderson.

Evidence in Virginia § 19-2, at 260 (4th ed. 1993).  The defendant's identity does not qualify under either category as a fact that may be judicially noticed.[2]

"It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt."  Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)).  Although the failure to introduce evidence showing that the defendant's real name was Earl Hill may have been a mere oversight on the Commonwealth's part, nonetheless the evidence is insufficient to support the defendant's convictions because proof that Dexter Anderson was a fictitious or assumed name was an essential element of the crimes

---

[2] Furthermore, it does not appear from the record that the Commonwealth asked the court to take judicial notice of the defendant's identity or that the trial court held that it was taking judicial notice of his identity.  See State Farm Mutual Automobile Ins. Co. v. Powell, 227 Va. 492, 497, 318 S.E.2d 393, 395 (1984) (stating that the defendant "had no prior opportunity to be heard either to dispute the `facts' or to object to the court's action"); 2 Charles E. Friend, The Law of Evidence in Virginia § 19-17, at 289 (stating that "it appears that counsel should make a formal request that judicial notice be taken of a particular matter").

- 4 -

of forgery and uttering.  See Moore, 207 Va. at 841, 153 S.E.2d at 233-34.  Accordingly, we reverse the defendant's convictions and dismiss the charges.

Reversed and dismissed.