## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Robert W. O'Brien

October 15, 1996

Case No. (Criminal) 90201

BY JUDGE DONALD W. LEMONS

The matter is before the Court on the defendant's Motion to Dismiss. The defendant maintains that the "charges of forgery and uttering of ballots fail to state an offense." Previously, the Court granted the defendant's Motion for a Bill of Particulars and urged the Commonwealth's Attorney to respond in a detailed statement of facts to support the indictments for forgery and uttering. The Commonwealth has responded in great detail giving the defendant a thorough response to his Motion for a Bill of Particulars and granting the Court a basis upon which to address the defendant's Motion to Dismiss.

Of course, the defendant is presumed to be innocent at this stage of the proceedings against him. What follows are the allegations of the Commonwealth. Robert W. O'Brien, an attorney admitted to practice in the Commonwealth of Virginia and a member of the Fairfax Bar Association, counterfeited 326 ballots in the Bar Association's vote of its membership concerning the recommendation of candidates for the office of Judge of the General District Court of Fairfax County. O'Brien had counterfeit ballots printed, executed each of the ballots by indicating preferences as allowed by the ballot, and submitted the ballots to the Bar Association representing them to be the separate ballots of unidentified members of the Association in the Tyson's Corner area of the county. Each of the ballots submitted by O'Brien endorsed one particular candidate.

O'Brien maintains that counterfeiting of ballots under these circumstances is not sufficient at law to sustain the indictments for forgery and

uttering. Simply stated, O'Brien maintains that the allegations of the Commonwealth do not allege criminal conduct. Although no reported cases in Virginia directly address similar circumstances, the Court is guided by previous decisions of the Supreme Court of Virginia and the Court of Appeals of Virginia.

The defendant is charged with one count of forgery and one count of uttering under § 18.2-172 which provides as follows:

> If any person forge any writing, other than such as is mentioned in §§ 18.2-168 and 18.2-170, to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be guilty of a Class 5 felony. Any person who shall obtain, by any false pretense or token, the signature of another person, to any such writing, with intent to defraud any other person, shall be deemed guilty of the forgery thereof, and shall be subject to like punishment.

The defendant maintains that ballots in a bar association election for endorsement of a candidate for the office of Judge cannot be "to the prejudice of another's right" because the vote only communicates a recommendation to the Governor, General Assembly, or Circuit Court Judges making the decision and, consequently, does not have "legal efficacy." Further, O'Brien maintains that the lack of a "signature" on the ballots is fatally defective to the Commonwealth's charges.

In *Muhammad* v. *Commonwealth*, 13 Va. App. 194 (1991), the Court of Appeals citing *Hanbury* v. *Commonwealth*, 203 Va. 182, 187 (1961), stated:

> [F]orgery is the false making or material alteration, with the intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy. It makes no difference how the writing may be made, whether by handwriting, printing, steel engraving, lithographing, rubber stamp, or what not. It simply is the making of a writing with intent to defraud, and which writing, if it were genuine, might apparently be of legal efficacy.
>
> Appellant argues that because no signature of a drawer appeared on the check, the check did not meet "the legal efficacy" test. We disagree.
>
> "[A]n instrument is one of legal efficacy, within the rules relating to forgery, where by any possibility it may operate to the injury of another."

*Id.* at 196 (citations omitted). There is no requirement of a "signature" to sustain a charge of forgery. See also *Bullock* v. *Commonwealth*, 205 Va. 558 (1964); *Moore* v. *Commonwealth*, 207 Va. 838 (1967); *Gordon* v. *Commonwealth*, 100 Va. 825 (1902); *Greene* v. *Commonwealth*, No. 1824-94-4 (Ct. of Appeals, May 30, 1995); *Mitchell* v. *Commonwealth*, No. 2528-92-2 (Ct. of Appeals, June 7, 1994).

The definition of "legal efficacy" is in controversy in this case. The defendant cites a case from 1843 for the proposition that a letter of introduction cannot be the subject of criminal forgery charges. *Foulkes* v. *Commonwealth*, 41 Va. (2 Rob.) 836 (1843). But the comparison of a ballot under the circumstances in this case to a letter of introduction misses the significance of the issue.

It is true that the recommendation of a bar association is not specifically contemplated by the judicial selection process outlined in §§ 16.1-69.9 *et seq.* of the Virginia Code; however, it is anticipated that the Commonwealth will prove that bar nominations are a significant and integral part of the process. The Articles of Incorporation of the Fairfax Bar Association indicate that one of its purposes is "to facilitate the administration of justice." In furtherance of that purpose, the Association's Bylaws provide for a Judicial Screening Committee, and the Standing Rules of the Association specifically provide for a process by which the opinion of the Association can be known and communicated to those who are ultimately charged with the authority to select a judge.

It is clear that the Fairfax Bar Association has a corporate legal existence under the laws of Virginia and has the legal right to pursue the lawful objectives contained in its Articles of Incorporation, Bylaws, and Standing Rules of the Association. One of these "rights" is to state its collective opinion and communicate its opinion to those who choose judges in the Commonwealth. Certainly, the counterfeiting of ballots in the endorsement process prejudices the legal right of the Association to express its opinion consistently with its lawful objectives. When ballots are counterfeited, the legal efficacy of the Bar Association's nomination process is affected to its prejudice. Others who are harmed include individual members of the Association, the other candidates in the process, the members of the General Assembly who were to receive this important communication, and the citizens of Virginia who have come to rely upon this process to select qualified judges. The endorsement of the Association does not bind anyone; however, it is expected that the Commonwealth will prove that the

endorsement was requested by those making the ultimate decision and was given significant consideration in the process.

Because the Commonwealth's indictment of O'Brien properly alleges the forgery and uttering of a writing to the prejudice of another's right, the defendant's Motion to Dismiss is denied.