COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Bumgardner
Argued at Salem, Virginia


MARK ANTHONY MAXEY

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1856-98-3          JUDGE LARRY G. ELDER
                                         JUNE 29, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Richard C. Pattisall, Judge

            Anna Marie Bagwell (Office of the Public
            Defender, on brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


    Mark Anthony Maxey (appellant) appeals from his bench trial

conviction for attempting to obtain a controlled substance by

fraud in violation of Code § 18.2-258.1.  On appeal, he contends

the trial court erroneously held that (1) the statute did not

require proof he knew the prescription was forged; and (2) the

evidence was sufficient to prove he acted with the requisite

knowledge or intent.  For the reasons that follow, we affirm

appellant's conviction.

    Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

"'Forgery is the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'"  Moore v. Commonwealth, 207 Va. 838, 841, 153 S.E.2d 231, 233 (1967) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)).  Uttering is "'[t]o put or send [as a forged check] into circulation. . . . to utter and publish.'  It is an assertion by word or action that a writing known to be forged is good and valid."  Bateman v. Commonwealth, 205 Va. 595, 599-600, 139 S.E.2d 102, 106 (1964) (quoting Black's Law Dictionary 1716 (4th ed. 1968)) (emphasis added).

Here, although the trial court said the statute "does not go into intent and knowledge," it noted that the statute proscribes the uttering of a false or forged prescription.  Of course, as outlined above, uttering requires proof of knowledge that the prescription is forged.  Therefore, based on the

-

principle that a trial court is presumed to know the law "[a]bsent clear evidence to the contrary in the record," see Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977), we presume that the trial court was aware of the knowledge requirement in convicting appellant of the charged offense.

We also hold that the evidence is sufficient to prove appellant acted with the requisite intent to commit fraud in attempting to use the prescription to obtain a controlled substance. See, e.g., Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987) (holding that attempt to commit an offense requires specific intent). Intent, like any element of a crime, may be proved by circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

-

Here, the evidence proved that appellant delivered the forged prescription to the pharmacy to be filled and completed the patient profile on Maxey's behalf, using the name Melanie Maxey, the same name that appeared on the prescription. Appellant admitted to Officer Lowery that he and Maxey were not legally married and merely had been living together for two months. The only reasonable hypothesis flowing from this evidence was that Maxey was not Melanie's legal surname and that appellant was aware of that fact when he presented the prescription to be filled. This evidence supports the trial court's finding that he intended "to obtain [a] drug . . . by fraud" in violation of the statute.

The decision in McCutcheon v. Commonwealth, 224 Va. 30, 294 S.E.2d 808 (1982), supports this conclusion. In McCutcheon, the Court held that the accused violated Code § 18.2-258.1(A)(iv), which makes it "unlawful for any person to obtain or attempt to obtain any drug 'by the use of a false name.'" 224 Va. at 32, 294 S.E.2d at 809. McCutcheon used a false name and obtained a prescription, but he presented evidence from the prescribing physician that he would have prescribed the drug for the accused if he had given the physician his real name. See id. at 33, 294 S.E.2d at 810. The Court observed in that case that the Drug Control Act, of which Code § 18.2-258.1 was a part, was

> inten[ded] to insure the accuracy and
> completeness of drug-control records and to
> aid their law-enforcement role by penalizing

-

> the use of a false name in obtaining or attempting to obtain a controlled drug. This legislative intent would be subverted . . . by requiring the Commonwealth to prove that a prescription would not have been written or filled but for the use of a false name.

224 Va. at 34, 294 S.E.2d at 811. As a result, held the Court, "when the Commonwealth shows that the accused has used a false name in obtaining or attempting to obtain a drug, a prima facie violation is established. The burden then shifts to the accused to go forward with evidence showing that his motivation to use a false name was innocent." Id. at 34-35, 294 S.E.2d at 811.

In appellant's case, the only reasonable hypothesis flowing from the evidence is that he knowingly used a false name in completing the patient profile on Maxey's behalf, the same false name appearing on the prescription he presented to be filled, and that he did so in an attempt to obtain a prescription drug by fraud. Therefore, the evidence supported the trial court's finding that appellant uttered a false or forged prescription in violation of Code § 18.2-258.1.

For these reasons, we affirm appellant's conviction.

Affirmed.

-