COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Humphreys and Kelsey
Argued by teleconference


DIABY MOHAMED

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 3439-01-1   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                             MAY 6, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                     William C. Andrews, III, Judge

              Stephen K. Smith for appellant.

              Jennifer R. Franklin, Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on brief), for appellee.


     Diaby Mohamed (appellant)[1] was convicted of uttering a forged

public document in violation of Code § 18.2-168.  He contends the

evidence was insufficient to prove he intended to utter a forged

public document and that he obstructed justice.[2]  Finding no

error, we affirm.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] At various times in the record, appellant refers to
himself as Diaby Mohamed, Sylla Famara and Famara Sylla.

     [2] We note that the sentencing order indicates that appellant
was found guilty of obstruction of justice pursuant to Virginia
Code § 24-6.  However, the warrant reflects this to be a
violation of the City of Hampton Code § 24-6.  This matter is
remanded to the trial court for the sole purpose of correcting
that clerical error.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence proved that on April 26, 2001, appellant, using the name Diaby Mohamed, approached Department of Motor Vehicles (DMV) employee Brenda Johnson and obtained title to a vehicle.  He stated he did not have the necessary identification and used a "second title because he had another record already set up so [Johnson] used that title record to bring up his information to title that vehicle."  Johnson found appellant's "T number"[3] on the second title and "rolled it over to title the other vehicle."

On April 27, 2001 appellant again approached Johnson.  He had an application for a driver's license and stated his name was Famara Sylla.  He presented Johnson with a New York identification card, a New York international driver's license and the Virginia DMV application for a driver's license.  The DMV application was complete except for a signature.  Johnson asked appellant to sign it, and he wrote "Famara Sylla" in Johnson's presence.  Johnson asked him "for proof of his residence and proof of his social security."  Appellant had neither.  When Johnson questioned the difference in the names, appellant said Famara Sylla was his Muslim name.  Johnson became suspicious and asked Officer Roberto Cruz of the Hampton Police Department to handle the situation.  He

_____

[3] "T" numbers are used in lieu of social security numbers as

-

approached appellant and requested identification.  Appellant then produced a Virginia identification card in the name of Diaby Mohamed.  When Cruz asked appellant to have a seat, appellant attempted to run out of the DMV office.  Appellant and Cruz fought, and Cruz sustained two broken ribs and a bruised spleen.

Appellant moved to strike the evidence of uttering a forged public record as insufficient at the end of the Commonwealth's case.  In overruling the motion, the trial court stated:

> [T]he argument is that he has two names.  One of them is a Muslim name and what [appellant's counsel] said is an American name. . . .
>
> Even if I got by that, I wonder if Americans or Muslims, as the case may be, have two different birth days.  On the Famara Sylla he shows a birth date of April 5, 1959.  On the Diaby Mohamed it shows a birth date of January 7, 1950.
>
> I don't think a person is entitled to have two different birth days so I would respectfully deny the motion.

(Emphasis added).

Appellant then testified in his case as follows:

> My real name is Diaby Mohamed . . . .  I come here as Sylla Famara. . . .  [S]omebody used my name Sylla Famara. . . .  The police arrest me, I've been in prison for one year.  I pay $8,000 and I go to the law library to take an application to change my new name Diaby Mohamed because somebody stole my driver's license Sylla Famara. . . .  I got a social security on Sylla Famara.  I change my name.  This is my new name Diaby Mohamed because I got a robbery in New York City because I want to come stay here.  I stayed in New York City one year in the prison for

---

identification numbers.

-

this case.  I never drove, I never got a ticket and the police arrested me for one year in the prison that's why I changed my name.

The trial court then attempted to sort out appellant's date of birth.

[APPELLANT'S TRIAL COUNSEL:]  [C]an you tell the Judge why there are different birth dates on these identifications . . . ?

[APPELLANT:]  No, no.

[COUNSEL:]  [T]here was one I believe January of 1950 and then another one of April the 5th of '55, can you explain to the Judge how those different birth dates?

[APPELLANT:]  No, I never put this birth date here because on the other ID I take this -

COURT:  You didn't put that birth date - what's the birth date on that Commonwealth's Number 4?

[COUNSEL:]  It looks like April the 5th of '55.

COURT:  Okay.  And whose name is that?

[COUNSEL:]  This is Famara Sylla.

COURT:  Well, I've got a card here that's Commonwealth's Number 7 it says January 7th, 1950, date, birth date of Diaby Mohamed.

[APPELLANT]:  Yes.

COURT:  Which one is your birth day?

[APPELLANT]:  My birth day?

COURT:  Do you know which one is your birth day?

[APPELLANT]:  Yes.

COURT:  Would you like to tell us.

-

[APPELLANT]: My birth day?

COURT: Yes, sir.

[APPELLANT]: The day I was born?

COURT: Yes, the day you were born.

[APPELLANT]: 4-15-55.

The trial court found him guilty of both offenses:

> I don't have any evidence that this man has ever legally changed his name. You have one legal name. I find him guilty as charged. It's incredible that he will sit here and tell me that he never touched the officer. The officer has testified about what happened in some detail. . . . The officer suffered two fractured ribs and a bruised spleen, it's incredible. And then we have the fact that he tried to flee, consciousness of guilt.

Appellant appeals from those convictions.

## II. Forged Public Document

Appellant first contends that the evidence is insufficient to prove he had the requisite intent to forge a public document pursuant to Code § 18.2-168.[4] We disagree.

"Forgery is a common law crime in Virginia. It is defined as 'the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 227 Va. 171, 173-74, 313 S.E.2d 394,

---

[4] Code § 18.2-168 provides: "If any person forge a public record, . . . or utter, or attempt to employ as true, such forged record, . . . he shall be guilty of a Class 4 felony."

-

395 (1984) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)).

> In 1874, in its only opinion on the subject, the Virginia Supreme Court defined a public record as a written memorial, intended to serve as evidence of something written, said or done, made by a public officer authorized to make it. Coleman v. Commonwealth, 66 Va. (25 Gratt.) 865, 881-82 (1874). Since that time, the General Assembly has broadened the definition. The Virginia Public Records Act provides as follows:
>
> "Public Records" means, but is not limited to, all written books, papers, letters, documents, photographs, tapes, microfiche, microfilm, photostats, sound recordings, maps, other documentary materials or information in any recording medium regardless of physical form or characteristics, including electronically recorded data, made or received in pursuance of law or in connection with the transaction of public business by any agency or employee of state government or its political subdivisions. Id.

Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 64 (1993). "Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence." Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (citations omitted).

> The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Id. at 101, 452 S.E.2d at 674.

-

"[W]hile a person may adopt any name he may choose so long as it was done for an honest purpose, under the broad definition of forgery the crime is committed by signing an assumed name, or a fictitious name, for a dishonest purpose and with intent to defraud." Moore v. Commonwealth, 207 Va. 838, 841, 153 S.E.2d 231, 234 (1967).

"[T]he trial court evaluates the credibility of witnesses, resolves the conflicts in their testimony, and weighs the evidence as a whole. Its finding is entitled to the same weight on appeal as that accorded a factual finding by a jury and will not be disturbed unless it is plainly wrong." Stockton v. Commonwealth, 227 Va. 124, 140, 314 S.E.2d 371, 381 (1984).

The evidence adduced at trial was sufficient to establish that appellant uttered a forged public document. An application for an operator's license and an application for a vehicle title are squarely within the accepted definition of "public records." Appellant's attempt to obtain each in a different name was evidence of a forgery of one or both of the names. Appellant made contradictory and inconsistent statements concerning his name and provided documentation that was plainly false. As the trial court noted, appellant presented no evidence of a legal name change and listed at least two different dates of birth. Further, he said he had a social security number in the name of Sylla Famara but not Diaby Mohamed and then said he had a social security number in the name of Diaby Mohamed. Lastly, the trial court could properly

-

consider appellant's flight from Cruz as "tending to show a consciousness of guilt."  See Ricks v. Commonwealth, 39 Va. App. 330, 335, 573 S.E.2d 266, 268 (2002).  Ample evidence supports the finding that his testimony was incredible.

### III.  Obstruction of Justice

Appellant next contends that the evidence was insufficient to prove he obstructed justice.

Hampton City Code § 24-6 states:

> If any person, by threats, or force, knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, attorney for the Commonwealth, witness or any law-enforcement officer, lawfully engaged in his duties as such, or to obstruct or impede the administration of justice in any court, he shall be deemed to be guilty of a Class 1 misdemeanor.

Both Johnson and Cruz testified that when appellant attempted to flee, he attacked and injured Cruz who suffered severe injuries.  Appellant stated that he "never touched the officer." The court believed Cruz and Johnson and found appellant's testimony "incredible."  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Hughes v. Commonwealth, 39 Va. App. 448, 462, 573 S.E.2d 324, 330 (2002) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995)).

Thus, the evidence was sufficient to prove that appellant intended to utter a forged public document and obstructed justice. Accordingly, we affirm the judgment of the trial court.

-

<u>Affirmed</u>.