**Richmond**

DAVID ALLEN FITZGERALD

V.

COMMONWEALTH OF VIRGINIA

Record No. 830653.

March 9, 1984.

Present: All the Justices.

*James R. Sheeran* for appellant.

*Jacqueline G. Epps, Senior Assistant Attorney General (Gerald
L. Baliles, Attorney General,* on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

David Allen Fitzgerald was convicted in a bench trial under
three indictments for forgery and sentenced to a total of six years'
confinement. His motion to strike the Commonwealth's evidence
was denied, and he presented no evidence. The sole question on
appeal is whether the evidence was sufficient to support his
conviction.

Stated in the light most favorable to the Commonwealth, the
evidence shows that a number of blank checks were stolen from
the premises of Transmission Products, Inc., on Bells Road, in
Richmond, during a burglary on Christmas day, 1981. The owners
missed petty cash, but were unaware that checks were missing un-
til the firm's bank statement arrived a month later.

Enclosed with the statement were the three checks in question.
They were similar in appearance. Each was on one of the stolen
Transmission Products, Inc. blanks, upon which the name of that

firm and the name of its bank, Southern Bank and Trust Company, were printed. The remaining information on the face of each check was filled in with a typewriter, except for the maker's signature. Each is made payable to "David A. Fitzgerald 4721 Lovells Rd. Richmond, Va. 23224." Each contains a social security number, purportedly that of the payee. Each is dated. December 23, 1981, and each is in the amount of $187.50. Each bears the signature "James K. Stone," apparently written by the same hand. Each contains, on its reverse side, the endorsement of David A. Fitzgerald, with the same address, but with the addition of a telephone number. Only one endorsement includes the social security number shown on the face of the check.

The name "James K. Stone" was a forgery. No person by that name was associated with Transmission Products, Inc., and the checks were not issued by any authorized person.

The first check was cashed on December 28, 1981, at Ukrop's Supermarket on Forest Hill Avenue, Richmond. The clerk would not have accepted it without the endorsement. The second check was cashed on December 29, 1981, at a Safeway store on Broad Rock Road, Richmond. Again, the clerk would not have accepted it without endorsement and without further identification showing the endorser to be the same person as the payee. The third check was cashed on or about December 30, 1981, at a Safeway store on Jahnke Road, Richmond. None of the witnesses could identify the person who had presented the checks.

The Commonwealth introduced the evidence of a handwriting expert who testified that Fitzgerald had personally signed the endorsements and had written the other identifying data on the reverse sides of the checks,* but that the signatures of the purported maker, "James K. Stone," were written by another person. Fitzgerald's motion to strike was based upon the premise that the only parts of the checks he was shown to have written were the endorsements, that he had signed his own name to each of them, and that "one cannot forge his own name."

■ Forgery is a common law crime in Virginia. It is defined as "the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability." *Bullock* v. *Common-*

---

* The address and telephone number appended to the endorsements belonged to Fitzgerald's father. Fitzgerald had lived at that address until about ninety days before the checks were stolen.

*wealth*, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964), *cert. denied*, 382 U.S. 927 (1965). In *Bullock*, we also set forth Blackstone's definition: "the fraudulent making or alteration of a writing to the prejudice of another man's right." *Id.* at 561.

The evidence established that the writing on the face of the checks was forged, that the checks were apparently genuine, and that they were actually employed to the prejudice of the rights of others. Equally well established was the fact that Fitzgerald, at some time, had them in his possession and endorsed them. The question remains whether the evidence supports the court's finding, implicit in the convictions, that Fitzgerald had the intent to defraud.

The fact that an instrument was forged, made payable to the defendant, and endorsed by him, is sufficient evidence of the defendant's intent to defraud the drawee. *Timmons* v. *State*, 80 Ga. 216, 4 S.E. 766 (1887). Such an inference is strengthened, in this case, by the falsity of the address and telephone number which Fitzgerald wrote on the reverse sides of the checks. Moreover, "[p]ossession of a forged check by an accused, which he claims as a payee, is prima facie evidence that he either forged the instrument or *procured it to be forged.*" *Laird* v. *State*, 406 So.2d 35, 36 (Miss. 1981) (emphasis added). *See also Bullock*, *supra*; *Denis* v. *Commonwealth*, 144 Va. 559, 131 S.E. 131 (1926); *Spencer's Case*, 29 Va. (2 Leigh) 751 (1830). Such a prima facie showing of guilt does not rise to the level of a conclusive presumption, and it may be rebutted, but it will warrant submission of the issue of guilt of forgery to the jury, and will support a verdict of guilty if the jury so finds. *Bullock*, 205 Va. at 562-63, 138 S.E.2d at 265.

Although the evidence here repels the inference that Fitzgerald personally forged the name of the maker, it is entirely consistent with the inference that he procured it to be done. It has been the law of Virginia for more than a century and a half that one who procures the forgery of an instrument is an accessory before the fact if he was absent when the writing was forged, or a principal in the second degree if he was present. The distinction is of no consequence, because his guilt is the same, and he is subject to the same punishment, in either event. *Huffman* v. *Commonwealth*, 27 Va. (6 Rand.) 685, 692 (1828).

Further, the Commonwealth is under no obligation to prove the respective roles of two or more criminals who, as shown

by the evidence, acted in concert to commit an offense. Each will be held responsible for the acts of the other, and such concerted action may be shown by circumstantial evidence. *Harrison and Pollard* v. *Commonwealth*, 210 Va. 168, 171-72, 169 S.E.2d 461, 464 (1969). Thus, it is immaterial whether Fitzgerald actually cashed the checks, or whether they were forged by one person, endorsed by Fitzgerald, and cashed by the forger or by a third person. Fitzgerald's participation in the concerted action, and his fraudulent intent, are sufficiently supported by the evidence and we will, accordingly, affirm the convictions.

*Affirmed.*