454 S.E.2d 748

Carl K. MORRIS, III,

v.

COMMONWEALTH of Virginia.

Record No. 1849–93–2.

Court of Appeals of Virginia,
Richmond.

March 7, 1995.

Elizabeth D. Scher, Richmond (Morchower, Luxton and Whaley, on brief), for appellant.

Marla Lynn Graff, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.

Present: MOON, C.J., BRAY, J., and HODGES, Senior Judge.

MOON, Chief Judge.

The defendant, Carl K. Morris, III, was convicted in a bench trial of grand larceny, two counts of forgery, and one count of uttering. On appeal, the sole issue presented is whether the evidence was sufficient to support Morris's convictions for forgery and uttering based upon the $98.34 Almor Communications Group check.[1] We hold that the evidence was sufficient and affirm Morris's conviction.

The Commonwealth's evidence showed that on September 17, 1992, Morris cashed a check at Lucky's Convenience Store and a check at O'Leary's Supermarket. The evidence presented was sufficient to support Morris's convictions based upon the check cashed at Lucky's.[2]

The check cashed at O'Leary's was apparently a payroll check by Almor Communications Group ("Almor") and drawn on First Virginia Bank–Colonial. The payee on the face of the check was "Carl K. Morris III." The account number on the

1. Two indictments charged separate offenses based on the Almor Communications Group check, one for forgery and the other for uttering.

2. A panel of this Court, relying upon *Fitzgerald v. Commonwealth*, 227 Va. 171, 313 S.E.2d 394 (1984), denied Morris's petition for appeal of his convictions for forgery and grand larceny relating to the check cashed on the same day at Lucky's Convenience Store.

check had been "punched out" with a hole punch so it was not legible.

David Frazier, vice president of First Virginia Bank–Colonial, testified that Almor at one time had an account at his bank which was opened in December 1987, but did not have an account when the check was presented for payment. Frazier further stated that because the account number was punched out and Almor had "been off the [bank] system *for such a long time*" the bank had no way of systematically tracing the account. The check was stamped "No Account Found" after being presented to the bank.

■ Forgery is defined as "the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability." *Fitzgerald v. Commonwealth*, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984).

> The fact that an instrument was forged, made payable to the defendant, and endorsed by him, is sufficient evidence of the defendant's intent to defraud the drawee.... Moreover, "[p]ossession of a forged check by an accused, which he claims as a payee, is prima facie evidence that he either forged the instrument or procured it to be forged." Such a prima facie showing of guilt does not rise to the level of a conclusive presumption, and it may be rebutted, but ... will support a verdict of guilty if the jury so finds.

*Id.* (citations omitted).

In *Fitzgerald*, a case affirming three forgery convictions, the evidence showed that blank checks were stolen and that the defendant's name was filled in as payee on each check. The checks were signed by someone not authorized to sign and were not issued by an authorized person. The evidence also showed that the defendant endorsed the checks but that his signature was different from that of the check's maker. The Supreme Court held that the evidence established a prima facie case. *Id.* at 173–74, 313 S.E.2d at 395.

■ Based on *Fitzgerald,* we hold that the Commonwealth presented evidence that was sufficient to support the trial judge's finding that Morris fraudulently made a false writing on the Almor check. The evidence produced showed that Morris endorsed and cashed the Almor check, which listed him as payee; that the check, which was dated September 17, 1992, the same day it was cashed, had a sixty-day limit before it became void; and that when the check was presented to the bank several days later, no account was found for Almor, which had been off the bank's system for a long time. The evidence further showed that the Almor check had been altered, making it impossible to trace the account number.

From this evidence, the trial judge could have concluded that Almor Communications Group did not have an account with First Virginia Bank–Colonial at the time the check was drawn and, therefore, that the maker's signature on the check was not authorized. The evidence established a *prima facie* case that Morris had either forged the instrument or procured it to be forged. *See id.*

The trial judge was also entitled to infer that Morris, who had been in possession of the check, had punched out the account number to avoid detection that the Almor account did not exist. This evidence, together with the evidence showing that the check cashed at O'Leary's on the same day was "counterfeit," was sufficient to support a finding that Morris had also altered the Almor check, which was written on a non-existent account, with the intent to defraud the drawee. Thus, because the evidence presented by the Commonwealth was unrebutted, we affirm the conviction; the decision is not "plainly wrong or without evidence to support it." *Higginbotham v. Commonwealth,* 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

*Affirmed.*