COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Agee
Argued at Salem, Virginia


JERRY LEWIS REYNOLDS

                                    MEMORANDUM OPINION* BY
v.    Record No. 0038-00-3        JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 27, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                      Charles J. Strauss, Judge

            Albert L. Shaw for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     The trial court convicted Jerry Lewis Reynolds of three

counts of forgery, statutory burglary, and petit larceny.  He

challenges the sufficiency of the evidence.  Finding no error,

we affirm.

     We review the evidence in the light most favorable to the

Commonwealth.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  Shelley Johnson's home in Pittsylvania

County was burglarized June 20, 1999.  The burglar stole $50

cash and Johnson's checkbook, which included check numbers 106

through 114.

─────────────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The defendant presented check number 106, payable to James Miller and endorsed with that name, at First National Bank of Altavista in neighboring Campbell County. Donna Blanks, the teller, refused to cash the check when the defendant could not provide any identification. Upon the refusal, the defendant said nothing but turned and walked out of the bank leaving the check there. Deputy David Wilkes viewed the bank's videotape of the transaction and identified the defendant as the person uttering the check.

Mary Gary worked at Sycamore Grocery, a few miles from Johnson's home. The defendant presented her with six or seven checks drawn on Shelley Johnson's account. The defendant endorsed the checks on the back, and Gary cashed the checks without requiring identification. She did not recall whether the dates on the checks were the dates the defendant presented them. The first series of checks, payable to Jason Robertson and endorsed with that name, were dishonored and returned. A few days later, the defendant again came to the store and presented another check. Gary told him she could no longer cash it for him. The defendant left without saying anything. During his investigation, Deputy Wilkes never located a person named Jason Robertson.

The Commonwealth admitted check number 106, which was presented to the Bank of Altavista, and seven checks numbered 107 through 114, which were cashed by the grocery. The checks

-

were in the checkbook when stolen, and the owner's handwriting did not appear on any of them.

First, we consider whether the evidence supports the burglary and petit larceny convictions. Possession of recently stolen goods permits the inference that the possessor stole them. Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). If the evidence proves goods were taken during a simultaneous burglary and larceny, recent possession of the stolen goods permits an inference the possessor committed the burglary. Schaum v. Commonwealth, 215 Va. 498, 501, 211 S.E.2d 73, 76 (1975). Unexplained possession of recently stolen goods permits a "direct inference of the breaking and entering necessary to establish some type of burglary." John L. Costello, Virginia Criminal Law and Procedure § 9.2, 126-27 (2d ed. 1999) (footnote omitted).

The trial court found the defendant presented check number 106 to the bank in Campbell County three days after it was stolen from the Johnson home. His possession of the stolen check coupled with his unusual behavior of departing the scene after payment was refused, permitted the trial court to find the defendant guilty of both the breaking and entering and the larceny of the check.

Next, we consider whether the evidence supports the forgery convictions. "'[P]ossession of a forged check by an accused, which he claims as a payee, is prima facie evidence that he

-

either forged the instrument or <u>procured it to be forged</u>.'" <u>Fitzgerald v. Commonwealth</u>, 227 Va. 171, 174, 313 S.E.2d 394, 395 (1984) (citation omitted) (emphasis in original). While this is not a conclusive presumption, "it will warrant submission of the issue of guilt of forgery to the jury, and will support a verdict of guilty if the jury so finds." <u>Id.</u> (citation omitted).

Three days after a burglary, the defendant tried to cash check 106, payable to James Miller and endorsed with that name. The defendant presented six or seven checks drawn on Shelley Johnson's account to the Sycamore Grocery. Check numbers 108, 110, and 114 were payable to Jason Robertson. They were endorsed Jason Roberson (108), Jason Rubertson (110), and Jason Rebertson (114). The trial court convicted the defendant of forgery of checks 108, 110, and 114 because it found the handwriting similar to that on check 106. "Comparison of known and questioned [writing] samples may be made by the jury, even without the benefit of expert testimony." Charles E. Friend, <u>The Law of Evidence in Virginia</u> § 15-11(d), 547 (5th ed. 1999) (citing <u>Keister v. Philips</u>, 124 Va. 585, 98 S.E. 674 (1919)).

The defendant possessed forged checks which he presented for payment. He posed as the fictitious payees and endorsed the checks with the fictitious names. The fact finder was entitled to infer the defendant either forged the checks or procured their forgery. <u>Fitzgerald</u>, 227 Va. at 174, 313 S.E.2d at 396.

-

The checks were similar in so many ways[1] that a reasonable person viewing the exhibits could conclude they had a common origin. The evidence supports the defendant's convictions of forging checks numbered 108, 110, and 114.

Accordingly, we affirm his convictions.

Affirmed.

---

[1] Not only were the names of the payees similar, the amount of the checks and the memo notations were similar. Most striking, the errors in the spellings were similar. The payor's name was misspelled on all but two of the checks even though her name was printed on the face of the check. The checks payable to Jason Robertson were endorsed with different spellings of Robertson but made in similar handwriting.