COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


JANELL LOUISE GATES

MEMORANDUM OPINION[*] BY
v.    Record No. 2728-00-2          JUDGE RUDOLPH BUMGARDNER, III
                                         NOVEMBER 20, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

Andrea S. Lantz, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


The trial court convicted Janell Louise Gates of uttering a forged instrument in violation of Code § 18.2-172.  On appeal, she contends the evidence was insufficient to support the conviction.  Finding no error, we affirm.

Around June 12, 1999,[1] Shirley Hagee wrote her personal check, number 519, to pay $36.82 owed to Sprint.  She wrote the

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] "On appeal, 'we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

amount as "Thirty-six & 82/00" but incorrectly entered it in the space reserved for the name of the payee, the line designated "Pay to the order of." Hagee thought she wrote "Sprint" on the next line to indicate the check was payable to Sprint. That line normally carried the amount written out. Her check register showed the check was dated June 12, 1999 and made payable to Sprint for $36.82. Hagee did not know the defendant, did not give her permission to use any of her checks, and did not purchase anything from her.

The defendant concedes she received check 519, inserted her name on the second line as payee, and cashed it. She contends, however, that her possession of the check was innocent and that she did not know the check was forged when she tendered it for payment.

The defendant claimed she received the check as payment for a television and other merchandise at a church yard sale on June 5, 1999. She did not look at the check when she took it as payment. At the end of the day, she noticed the check was signed, dated, and the amount was written on the wrong line. The defendant wrote her name on the next line, which she claimed was blank. She denied that "Sprint" was written on that line. "Sprint was not written on there, I promise." The defendant conceded that the "eighty-two cents was kind of funny" because she did not make any sale for a sum that ended in two

-

hundredths.  Although the defendant knew there were some abnormalities with the check, she thought the bank would not honor the check if there were a problem with it.

The trial court convicted the defendant as charged noting that the particulars of the situation were "bizarre."  In reaching its conclusion, the court noted the following suspicious circumstances:  it appears the defendant wrote her name as payee over some writing on the amount line; she cashed the check in Charlottesville although she resides in Harrisonburg; the amount of the check; and it was not reasonable for the defendant to "take a check from a stranger without looking at the amount or to whom it was payable" before exchanging it for goods.

The Commonwealth must prove that the defendant uttered, or attempted to employ as true, a forged writing, "knowing it to be forged."  Code § 18.2-172.  Uttering is "an assertion by word or action that a writing known to be forged is good and valid." Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964).  "The fact that an instrument is forged, made payable to the defendant, and endorsed by him, is sufficient evidence of the defendant's intent to defraud the drawee."  Fitzgerald v. Commonwealth, 227 Va. 171, 174, 313 S.E.2d 394, 395 (1984) (citation omitted).  "Moreover, '[p]ossession of a forged check by an accused, which he claims as a payee, is prima facie evidence that he either forged the instrument or procured it to

-

be forged.'"  Id. (quoting Laird v. State, 406 So. 2d 35, 36 (Miss. 1981)).

In this case, the check was forged, made payable to the defendant, and cashed by her.  Her possession was prima facie evidence that she forged it.  "'[T]he defendant's unexplained possession of and dealing with the forged instrument as genuine does not necessarily compel, but will suffice to support, a finding by the jury that he was the forger of such instrument, unless there are in the case other circumstances which repel that conclusion.'"  Bullock v. Commonwealth, 205 Va. 558, 562, 138 S.E.2d 261, 264 (1964) (quoting 23 Am. Jur. Forgery § 57, 44 (1964 Cum. Supp.)).  The defendant can rebut the inference "by an explanation satisfactory to the jury as to how he came into possession of the instrument."  Id. at 563, 138 S.E.2d at 265; Bateman, 205 Va. at 600-01, 139 S.E.2d at 106.

The trial court did not believe the defendant's testimony and was not required to believe that which was contrary to human experience.  The defendant claimed she received the check at a yard sale on June 5, 1999, though the check bore the date June 12, 1999.  The defendant did not ask for identification or read the check when she took it as payment and did not look at the check until the end of the day.  The amount of the check was unusual, and the defendant cashed it in Charlottesville though she lived in Harrisonburg and maintained her bank account there. The check appears altered.  Handwriting under the defendant's

-

name appears to be written with the same type of instrument Hagee used to write the date, amount, and sign her name.

"The credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).  The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted); Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).

The evidence supports the trial court's finding that the defendant uttered the check knowing it to be forged. Accordingly, we affirm.

Affirmed.

-