COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


GEORGE PERRY

                                          MEMORANDUM OPINION* BY
v.        Record No. 1000-05-1            JUDGE ELIZABETH A. McCLANAHAN
                                                SEPTEMBER 19, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                           Carl E. Eason, Jr., Judge

           S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
           Commission, on brief), for appellant.

           Rosemary V. Bourne, Assistant Attorney General (Robert F.
           McDonnell, Attorney General, on brief), for appellee.


       George Perry appeals his bench trial convictions for forgery of a check and uttering that

forged check in violation of Code § 18.2-172.[1]  On appeal, Perry contends the check had no

apparent legal efficacy, and hence was not forgery under Virginia law.  We disagree.

                                     BACKGROUND

       We view the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

The record establishes that Perry cashed a $300 check made payable to him from Franklin Office

Supply, Inc.  The company check was endorsed on the reverse side under the notation "Endorse

Here" with the signature, George Perry.  The upper left hand portion of the face of the check

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] At trial, Perry was also convicted of grand larceny in violation of Code § 18.2-95.  This
conviction is not before us on appeal.

denoted the drawer of the check as "Franklin Office Supplies, Inc., T/A Mackans Office Supply & Printing" followed by the company's address. Robert Mackan owned Franklin Office Supply and identified the check as one of his company's checks. The lower left hand corner of the check contained a handwritten signature, including the first initial "R." of the purported drawer's representative, Robert Mackan, followed by the last name, albeit incorrectly spelled. The check appeared to be a company payroll check.

Mackan had known Perry for ten years, and Perry was working for Mackan's business at the time Mackan received notice from the bank of the returned check. After searching company records, Mackan discovered a check was missing, and he testified that the company neither issued nor authorized the check and that Perry had no authority to issue or sign company checks. Mackan examined the lower left portion of the front of the check "where [his] name ha[d] been signed" and noted that his name was misspelled.

Arshanka Davis worked at "Checks 2 Cash" and was familiar with Perry. She recalled Perry presenting the check on April 8, 2004. She verified the funds with the bank and requested that Perry provide her with a picture identification, social security number, and other information. Perry complied and also signed a card and submitted his thumbprint on the card and check. Lynette Blow verified the information Perry provided to Davis. Davis cashed the check and handed Perry the cash less a fee for cashing the check.

ANALYSIS

Forgery "is defined as 'the false making or materially altering with the intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)).

> [A]n instrument is one of legal efficacy, within the rules relating to forgery, where by any possibility it may operate to the injury of

another. The fact that a document may be so irregular that a bank would be justified in refusing payment, or that a transferee would be justified in not accepting the instrument, does not mean that the writing lacks apparent legal efficacy. A check which has been fraudulently written or altered in a manner that possibly will operate to the injury of another constitutes a forgery.

Muhammad v. Commonwealth, 13 Va. App. 194, 196, 409 S.E.2d 818, 819 (1991) (citations and internal quotation marks omitted).

Muhammad controls the outcome of this case. In Muhammad, the defendant presented a check for payment that did not contain the drawer's signature. Id. at 195, 409 S.E.2d at 819. However, the back of the check contained Muhammad's, the payee's, handwritten endorsement. Id. Under those facts, we held that the "form company check bearing its name and address clearly printed on the face thereof, appearing to be payable in payment of a 'payroll debt,' duly endorsed by the named payee and presented for payment, clearly has *apparent* legal efficacy." Id. at 199, 409 S.E.2d at 821 (emphasis in original).

The forged company payroll check that Perry cashed contained his name, fraudulently written on the check as the intended payee, and his handwritten endorsement on the reverse side of the check. Even more persuasive than the facts in Muhammad, Mackan's purported signature, as the drawer's representative, was on the bottom left portion of the front of the check, albeit in the wrong location. The form company check contained the name and address of the drawer imprinted on the face of the check and was falsely represented as a company check genuine in every respect. Thus, the check Perry presented to Checks 2 Cash for payment had apparent legal efficacy. See id.

CONCLUSION

Under this Court's ruling in Muhammad, the check was of sufficient apparent legal efficacy to support the trial court's finding that Perry was guilty of forgery and uttering. Accordingly, the judgment of the trial court is affirmed.

Affirmed.