COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


BARRETT THOMAS VERNON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2441-05-3              JUDGE ELIZABETH A. McCLANAHAN
                                                        DECEMBER 28, 2006

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                                    Joseph W. Milam, Jr., Judge

                    Joseph R. Winston, Special Appellate Counsel (Catherine E. P.
                    Haas, Assistant Appellate Defender; Office of the Appellate
                    Defender, on brief), for appellant.

                    Joshua M. Didlake, Assistant Attorney General (Robert F.
                    McDonnell, Attorney General, on brief), for appellee.


        Barrett Thomas Vernon appeals his bench trial convictions on two counts of uttering

forged checks in violation of Code § 18.2-172, and two counts of petit larceny, second offense,

in violation of Code §§ 18.2-96 and 18.2-104.  He argues that the Commonwealth's evidence

failed to prove he knew the checks were forged.  We disagree.

                                        I.  BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  Someone broke into Teresa

Miller's vehicle.  Two blank checks from her business checking account, numbered 426 and 427,

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

were among the items stolen. After discovering the theft, Miller immediately contacted the police and closed her bank account.

Vernon presented the checks numbered 426 and 427, drawn on Miller's account, to Crystal Hankins, a bank employee. Both checks were payable to "Barrett Vernon" in the amount of $50 and signed by "Teresa Miller" in the payor's signature line. The word "landscaping" was written on the memorandum line of the checks. Having known Vernon for a number of years, Hankins cashed both checks and gave him $100 cash. Miller neither signed the checks nor gave anyone else permission to sign them on her behalf. She did not know Vernon and did not write his name as payee on the checks. Vernon never performed landscaping work for her.

## II. STANDARD OF REVIEW

On appeal, when considering a challenge to the sufficiency of the evidence, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original) (citation and internal quotation marks omitted). Rather, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991). Moreover, "circumstantial evidence may be more compelling and persuasive than direct evidence, and when convincing, it is entitled to as much weight as direct evidence." Jett v. Commonwealth, 29 Va. App. 190, 194, 510 S.E.2d 747, 748-49 (1999) (*en banc*) (citation and internal quotation marks omitted). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

Furthermore, "[t]he credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998); see also Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).

## III.  ANALYSIS

### A.  Uttering

Code § 18.2-172 provides, in pertinent part, that "if any person forge any writing . . . to the prejudice of another's right, *or utter, or attempt to employ as true, such forged writing, knowing it to be forged*, he shall be guilty of a Class 5 felony."  (Emphasis added).  The term "utter" is defined as "'[t]o put or send [as a forged check] into circulation. * * * to utter and publish.'  It is an assertion by word or action that a writing known to be forged is good and valid."  Bateman v. Commonwealth, 205 Va. 595, 599-600, 139 S.E.2d 102, 106 (1964) (quoting Black's Law Dictionary 1716 (4th ed. 1968)).  The Commonwealth must, therefore, establish that Vernon knew the checks were forged when he tendered them for payment.

Vernon does not dispute that the checks were forged.  Rather, he argues the evidence failed to show that he knew the checks he presented to Hankins were forged.  However, Vernon's possession of the forged checks, which he submitted as payee, permits the inference that he knew they were forged.  See Walker v. Commonwealth, 25 Va. App. 50, 59, 486 S.E.2d 126, 131 (1997) (Affirming an uttering conviction, we noted "possession of the forged check allows the inference that [the defendant] knew it to be forged."); see also Fitzgerald v. Commonwealth, 227 Va. 171, 174, 313 S.E.2d 394, 395 (1984) (Affirming a forgery conviction,

- 3 -

the Court stated "[p]ossession of a forged check by an accused, which he claims as a payee, is prima facie evidence that he either forged the instrument or *procured it to be forged*." (citation and internal quotation marks omitted) (emphasis in original)). Clearly, Vernon, listed as payee, possessed the forged checks and put them into circulation when he endorsed them and presented them to Hankins for payment. From these circumstances, the trial court could infer that he knew the checks were forged. See Fitzgerald, 227 Va. at 174, 313 S.E.2d at 395; Walker, 25 Va. App. at 59, 486 S.E.2d at 131. Accordingly, the evidence supports the trial court's finding that Vernon uttered the checks knowing them to be forged when he cashed them.

### B. Petit Larceny

Larceny is "'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" Walker, 25 Va. App. at 58, 486 S.E.2d at 130 (quoting Jones v. Commonwealth, 3 Va. App. 295, 300, 349 S.E.2d 414, 417 (1986)). If the goods are valued at less than $200, the offense is petit larceny. See Code § 18.2-96(2). Vernon received $50 from the bank in return for each of the forged checks. This evidence was sufficient for the trial court to conclude that Vernon "fraudulently induced the bank to give him this money and that he did not intend to return it." Walker, 25 Va. App. at 58, 486 S.E.2d at 130. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that Vernon committed petit larceny.

### IV. CONCLUSION

Considering all the evidence and the reasonable inferences flowing therefrom, we find it sufficient to prove that Vernon knew the checks were forged. We, therefore, affirm his convictions for uttering. Because we hold the evidence was sufficient to show that Vernon knew

the checks were forged, and because Vernon received $100 from the bank when he cashed them, we affirm his convictions for petit larceny.

Affirmed.