COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Powell and Alston
Argued at Richmond, Virginia


LEVAR DONNIE RICHARDSON

                                                    MEMORANDUM OPINION* BY
v.      Record No. 0531-09-1                        JUDGE ROSSIE D. ALSTON, JR.
                                                          MARCH 9, 2010
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                         James A. Cales, Jr., Judge

          Gregory K. Matthews (Brenda C. Spry; Office of the Public
          Defender, on brief), for appellant.

          Josephine F. Whalen, Assistant Attorney General II (William C.
          Mims, Attorney General, on brief), for appellee.


        Levar Donnie Richardson (appellant) appeals from his convictions for uttering, in

violation of Code § 18.2-170, and obtaining and attempting to obtain money by false pretenses,

in violation of Code §§ 18.2-178 and 18.2-26.  On appeal, appellant contends the evidence was

insufficient to find him guilty of these offenses because the Commonwealth failed to prove

appellant knew the instruments he possessed were forged.  For the reasons that follow, we hold

the evidence was sufficient, and we affirm appellant's convictions.

                              I.  BACKGROUND[1]

        On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting Commonwealth v.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis omitted)).

So viewed, the evidence showed that on December 24, 2007, appellant entered an Alcohol Beverage Control store (ABC store) on George Washington Highway in Portsmouth. Appellant purchased a $19.43 bottle of vodka with a $100 American Express Traveler's Cheque and received $80.57 in change. Appellant remained in the store for a few minutes, and then purchased another $19.43 bottle of vodka with a second $100 traveler's check, again receiving $80.57 in change. During both transactions, appellant signed his own name to the check, presented his identification, and acted in a cordial and polite manner.

On December 27, 2007, appellant entered an ABC store on Victory Boulevard in Portsmouth. Appellant attempted to purchase a bottle of alcohol with a $100 American Express Traveler's Cheque; however, the store manager refused to accept the check because it was not endorsed on the top signature line. Appellant took the check and left the store. At some point the same day, appellant returned to the George Washington Highway ABC store, this time negotiating a traveler's check in exchange for a bottle of vodka and $89.03 in change. Again, appellant signed his own name to the check, presented his identification, and was cordial and polite.

Based on appellant's negotiating several large traveler's checks within a few days, the assistant manager at the George Washington ABC store, Pamela Anstead (Anstead), contacted American Express. American Express informed Anstead that the checks were counterfeit.

On January 10, 2008, appellant returned to the George Washington Highway ABC store and attempted to purchase a bottle of alcohol with another American Express Traveler's Cheque. Anstead informed appellant that she could not accept the check without verifying it with American Express. Anstead then took the check and appellant's driver's license to a back room, and appellant briefly left the store. When appellant returned, he asked if everything was "good" with the check. Anstead said she was unable to determine the validity of the check, but she would try again. Appellant requested that she return his driver's license, which Anstead did. Anstead then went to the back room of the store with the check. Appellant waited briefly, but before Anstead returned, appellant left the store and abandoned the check.

Appellant was arrested and charged with four counts of forgery, four counts of uttering, one count of obtaining money by false pretenses, and one count of attempting to obtain money by false pretenses.

At trial, the Commonwealth presented evidence from Special Agent David Huff (Huff) of the Virginia ABC Board and Senior Special Agent John Golbreski (Golbreski) for American Express. Huff testified that appellant voluntarily spoke with him after the incidents. According to Huff, appellant initially informed him that he found the checks in a leather pouch behind a convenience store. Appellant did not deny using the checks at the ABC stores.

Golbreski testified that all the checks at issue were counterfeit. He further testified that traveler's checks have two signature lines, which must both be signed before the check can be properly negotiated.[2] Golbreski testified that it is highly unusual for a purchaser to use the checks without first signing the top signature line, as appellant attempted to do on at least one

---

[2] "'Traveler's check' means an instrument that (i) is payable on demand, (ii) is drawn on or payable at or through a bank, (iii) is designated by the term 'traveler's check' or by a substantially similar term, and (iv) requires, as a condition to payment, a countersignature by a person whose specimen signature appears on the instrument." Code § 8.3A-104(i).

occasion, because underneath that line the checks instruct the purchaser, "[s]ign here immediately upon receipt of this traveler's cheque."

At the close of the Commonwealth's case-in-chief, appellant moved to strike the evidence, arguing the Commonwealth failed to prove appellant had the requisite intent to defraud because the evidence did not show he knew the checks were forged. The trial court overruled appellant's motion.

Appellant then presented evidence that he acquired the checks from his stepdaughter (S.G.). Both S.G. and her mother testified that S.G. received the checks from her biological father in New York and that S.G. gave the checks to appellant.[3]

At the close of all the evidence, appellant renewed his motion to strike the evidence. The court overruled appellant's renewed motion, and the jury found appellant guilty of four counts of uttering, one count of obtaining money by false pretenses, and one count of attempting to obtain money by false pretenses. The jury found appellant not guilty of four counts of forgery. On March 4, 2009, the trial court entered a final order in accordance with the jury's verdict. Appellant timely filed this appeal.

## II. ANALYSIS

Appellant contends the evidence was insufficient to convict him of uttering and obtaining money by false pretenses because the Commonwealth did not prove, beyond a reasonable doubt, that appellant knew the checks were forged.[4] Appellant argues the Commonwealth relied on

---

[3] As noted, this evidence was inconsistent with appellant's previous position that he found the checks behind a convenience store.

[4] Appellant's challenge to the sufficiency of the evidence for both uttering and obtaining money by false pretenses is the same – that the Commonwealth did not prove appellant's fraudulent intent. Thus, we address the sufficiency of the evidence for all of appellant's convictions under the same analysis.

wholly circumstantial evidence in proving appellant's requisite state of mind, and the circumstantial evidence presented was consistent with both guilt and innocence.

Uttering is an attempt to employ as true, a forged coin, note, or bill, *knowing it to be forged*. Code § 18.2-170(3); see also Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964) (noting, uttering "is an assertion by word or action that a writing known to be forged is good and valid"). Forgery "is defined as 'the false making or *materially altering with the intent to defraud*, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)) (emphasis added). Likewise, Code § 18.2-178(a), which criminalizes obtaining money by false pretenses, states,

> If any person obtain, by any false pretense or token, from any person, *with intent to defraud*, money, a gift certificate or other property that may be the subject of larceny, he shall be deemed guilty of larceny thereof; or if he obtain, by any false pretense or token, with such intent, the signature of any person to a writing, the false making whereof would be forgery, he shall be guilty of a Class 4 felony.

(Emphasis added).[5]

When the sufficiency of the evidence is challenged on appeal, the Court must "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876 (2002)). The Court "may not substitute [its own] judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

---

[5] Appellant concedes that with the exception of appellant's fraudulent intent, the Commonwealth sufficiently proved the elements of each offense.

The relevant question on appeal is whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447).

"The fact that an instrument was forged, made payable to the defendant, and endorsed by him, is sufficient evidence of the defendant's intent to defraud the drawee." Fitzgerald, 227 Va. at 174, 313 S.E.2d at 395. In the particular context of uttering, "possession of the forged check allows the inference that [the accused] knew it to be forged." Walker v. Commonwealth, 25 Va. App. 50, 59, 486 S.E.2d 126, 131 (1997). In the instant case, Golbreski testified that all the checks were forged. Thus, the jury was permitted to infer appellant's guilty knowledge from possession of the checks alone.

However, appellant argues the uncontroverted evidence did not exclude the reasonable hypothesis of his innocence because: (1) he never tried to conceal his identity during any of the transactions; (2) he stayed in the store while one of the traveler's checks was being verified; and (3) at all times he was cordial and polite. Appellant's argument views the evidence in isolation and ignores the other evidence presented by the Commonwealth.

"'Intent may, and most often must, be proven by circumstantial evidence.'" Ellis v. Commonwealth, 29 Va. App. 548, 555, 513 S.E.2d 453, 456 (1999) (quoting Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991)). "If evidence of intent is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)); accord Bishop v. Commonwealth, 227 Va. 164,

169, 313 S.E.2d 390, 393 (1984). "Circumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Hudson, 265 Va. at 514, 578 S.E.2d at 786 (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)). "Subsequent acts of the drawer are of evidential value . . . in helping to establish the existence of the fraudulent intent at that specific time." Rosser v. Commonwealth, 192 Va. 813, 817, 66 S.E.2d 851, 853 (1951).

The Commonwealth's evidence showed that after appellant obtained the traveler's checks, he immediately negotiated each check for an inexpensive item and a large amount of cash. On one occasion, appellant waited only a few minutes in between transactions at the same ABC store. Further, the Commonwealth's evidence showed that when Anstead attempted to verify one of the checks, appellant left the store and abandoned the $100 check. Finally, appellant provided conflicting accounts as to how he obtained the checks. While appellant told Huff that he found the checks behind a convenience store, witnesses for appellant testified that S.G. received them from her father and then gave them to appellant. From these conflicting accounts, the jury was entitled to conclude that appellant was "lying to conceal his guilt." Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004).

The evidence, taken as a whole and viewed in the light most favorable to the Commonwealth, was consistent with appellant's guilt and inconsistent with innocence. Further, this Court must give deference to a jury's reasonable inferences drawn from the facts. Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991). Based on all the evidence and the reasonable inferences drawn therefrom, the jury could reasonably conclude appellant knew the checks were forged. Accordingly, the Commonwealth's evidence was

sufficient to prove appellant had the requisite intent to defraud, necessary to support his convictions.

Finally, appellant argues that his convictions for uttering and obtaining money by false pretenses were inconsistent with the jury acquitting him of the forgery charges.

> The law regarding inconsistent verdicts is well-settled in this Commonwealth. As this Court has held, "the fact that verdicts may, on their face, arguably appear inconsistent, does *not* provide a basis to reverse either conviction on appeal, provided the evidence supports each verdict. Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense."

Tyler v. Commonwealth, 21 Va. App. 702, 708, 467 S.E.2d 294, 297 (1996) (quoting Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993)). As discussed above, the evidence was sufficient to support the jury's findings on each element of the crimes for which appellant was convicted. Thus, the fact that the jury acquitted appellant of the forgery charges is of no consequence to his convictions for uttering and obtaining money by false pretenses.

### III. CONCLUSION

For the foregoing reasons, we conclude the evidence was sufficient to support the jury's finding that appellant had the requisite intent to defraud. Accordingly, we affirm appellant's convictions.

Affirmed.