COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


SHAWN L. HALEY, S/K/A
   SHAWN LAMONT HALEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2119-09-1                   JUDGE RUDOLPH BUMGARDNER, III
                                                         JULY 20, 2010

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                                Johnny E. Morrison, Judge

                 Gregory K. Matthews (Jessica M. Bulos, Assistant Appellate
                 Defender; Brenda C. Spry, Public Defender, on brief), for appellant.

                 Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
                 Cuccinelli, II, Attorney General, on brief), for appellee.


        Shawn L. Haley appeals his convictions of forgery, uttering a forged check, grand larceny,

and attempting to obtain money by false pretenses.  He maintains the evidence was insufficient to

support his convictions.  We conclude the evidence was sufficient and affirm the convictions.

        We examine the evidence in the light most favorable to the Commonwealth, granting to it

all reasonable inferences fairly deduced.  See Haskins v. Commonwealth, 31 Va. App. 145,

149-50, 521 S.E.2d 777, 779 (1999).  On June 18, 2008, the defendant opened an account at

Towne Bank in Portsmouth.  He provided his identification consisting of his name, address, and

social security number and signed a signature card.  He opened the account with a check payable

to him in the amount of $821.36.  The check was drawn on a Wachovia Bank account of

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"Cavalier Dry Wall and Paint Company." The memorandum portion of the check bore the notation "Pressure Cleaning."

The defendant returned to the bank on the morning of June 20, 2008, the first day he could draw on the $821.36 that he had deposited to the new account. He withdrew $721. Shortly after he made that withdrawal, Towne Bank placed a hold on the defendant's account. A loss prevention officer at the bank had become suspicious of the check used to open the account. She had contacted Wachovia Bank and had learned the account on which the check was drawn did not exist. The check was counterfeit.

On the next banking day, June 23, 2008, the defendant returned to Towne Bank and attempted to withdraw $100. The teller noted the hold on the account and contacted her manager. She then stalled while the police were called. As the defendant waited, he became nervous and began to pace. After five to ten minutes, he turned from the teller window without having received the money and started to leave the bank. On seeing police officers arriving at the entrance to the bank, he ran. When one officer grabbed his shirt, he pulled out of it, but he was apprehended outside the bank after a struggle with the police.

The defendant argues the Commonwealth did not prove beyond a reasonable doubt that he knew the check he deposited at Towne Bank was forged.[1] Thus, he claims, the evidence was insufficient to sustain his convictions. A court considering a challenge to the sufficiency of the evidence does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (quoting Woodby v. INS, 385 U.S. 276, 282 (1966)). Rather, the relevant question is whether "*any*

---

[1] The sole issue upon which this Court granted appellate review was whether the evidence was sufficient to prove the defendant knew the check was forged. To the extent the defendant raises other contentions and arguments in his brief, we do not consider them. See Rule 5A:12(c); Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991).

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

"'[P]ossession of a forged check by an accused, which he claims as a payee, is prima facie evidence that he either forged the instrument or procured it to be forged.'" Oliver v. Commonwealth, 35 Va. App. 286, 295, 544 S.E.2d 870, 874 (2001) (quoting Fitzgerald v. Commonwealth, 227 Va. 171, 174, 313 S.E.2d 394, 395 (1984)). "Such a prima facie showing of guilt does not rise to the level of a conclusive presumption, and it may be rebutted, but it will warrant submission of the issue of guilt of forgery to the jury, and will support a verdict of guilty if the jury so finds." Fitzgerald, 227 Va. at 174, 313 S.E.2d at 395. The defendant can rebut the inference "by an explanation satisfactory to the jury as to how he came into possession of the instrument." Bullock v. Commonwealth, 205 Va. 558, 563, 138 S.E.2d 261, 265 (1964).

The defendant possessed a forged check that he presented to open a new account at the Towne Bank. The defendant was the payee on the check. Those facts established a prima facie showing that the defendant knew the check was forged. See Fitzgerald, 227 Va. at 171, 313 S.E.2d at 395. In addition to that inference, the circumstances surrounding the defendant's action permit a rational trier of fact to conclude that the defendant knew the check was forged.

The defendant opened a new checking account with a check drawn on an account that did not exist by a payor that did not exist. Beginning the first day that the defendant could draw against that deposit and within only two business days of opening the account, the defendant attempted to withdraw all but $.36. He became nervous when made to wait for the second withdrawal and then left without getting the money.

When the defendant saw the police arriving at the bank, he began to run and tried to avoid apprehension. Flight from the scene of a crime may be "consider[ed] . . . in the context of

all the facts presented as evidence tending to show the defendant's consciousness of guilt of the crime committed." Jones v. Commonwealth, 279 Va. 52, 58, 688 S.E.2d 269, 272 (2010).

The defendant argues that his conduct was consistent with a lack of knowledge that the check was forged because he used his true identity when opening the account. However, such data was required to establish an account from which he could draw on the fund created by the forged check. Additionally, no evidence suggested that "Cavalier Dry Wall and Paint Company" existed or that the defendant had received the check in payment for services performed by him. To the contrary, the evidence proved the account on which the check was drawn did not exist.

The evidence proved beyond a reasonable doubt that the defendant knew the check was forged. Accordingly, we affirm.

Affirmed.